## WILLIAM A. COX *vs.* CITY OF BOSTON.

Suffolk. January 25, 1926. — January 28, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: defect. *Negligence,* Contributory, In use of highway. *Practice, Civil,* New trial.

One who, in the daytime while walking in a city on a sidewalk five or six feet wide, perfectly familiar to him, where he knew from previous observation that there was a hole six or seven inches wide and a little longer than wide and about six inches deep, stopped ten or twelve feet before reaching the hole to light a cigarette and then went forward with his eyes upon the ground, saw the hole, stepped around it with his right foot so as to avoid it, and as he did so stepped into the hole with his left foot, cannot recover for injuries thus received in an action against the city under G. L. c. 84, § 15.

Where no abuse of discretion appears, an exception will not be sustained to a denial by a trial judge of a motion by a plaintiff for a new trial of an action in which by the judge's order a verdict had been entered for the defendant.

TORT for personal injuries alleged to have been received by the plaintiff by reason of a defect in Dorchester Avenue in Boston. Writ dated March 16, 1923.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested and by order of the judge a verdict was entered for the defendant. Later, in circumstances described in the opinion, the plaintiff moved for a new trial and the motion was denied. The plaintiff alleged exceptions.

*A. J. Casey,* Assistant Corporation Counsel, for the defendant.

*J. J. Enright,* for the plaintiff, submitted a brief.

BY THE COURT. This is an action of tort to recover compensation for injuries alleged to have been received by a traveller from a defect in a highway. The question to be decided is whether the trial court rightly directed a verdict in favor of the defendant because the plaintiff could not be

found to have been in the exercise of due care. The plaintiff testified that at about half past eleven o'clock in the forenoon of a November day, while walking on a sidewalk five or six feet wide, perfectly familiar to him, where he knew from previous observation that there was a hole six or seven inches wide and seven inches or a little more long and about six inches deep, he stopped ten or twelve feet before reaching the hole to light a cigarette and then went forward with his eyes on the ground; that he knew the hole was there and saw it and stepped around it with his right foot so as to avoid the hole and as he did so his left foot went into the hole; that at the time the only person in the vicinity was his companion who was several feet ahead; and that he did not know how his left foot went into the hole.

Mere knowledge of a defective condition of a highway does not bar recovery by a traveller injured thereby in the daytime. *Thompson* v. *Bolton,* 197 Mass. 311. But the case at bar shows plainly that the plaintiff with ample space, and full knowledge, daylight and alert attention got into a small hole in a large sidewalk free from other travel or diverting circumstances of any kind. The requirement of due care would cease to have significance in this branch of the law if a plaintiff could be permitted to recover in these conditions. His own testimony conclusively shows want of ordinary caution. See *Chapman* v. *Boston,* 252 Mass. 404.

The disposition of the motion for a new trial rested in the sound discretion of the judge, which does not appear to have been abused. The questions of law attempted to be raised on that motion might all have been raised at the trial. No error is shown in the denial of requests for rulings.

*Exceptions overruled.*