COMMONWEALTH vs. ALBERT FORD.

Middlesex.    March 14, 1984. — September 18, 1984.

Present: BROWN, KASS, & SMITH, JJ.

*Assault and Battery on Correctional Officer. Statute,* Construction. *Evidence,* Prior conviction, Judicial discretion. *Practice, Criminal,* Argument by prosecutor.

In order to convict a prisoner of assault and battery on a correctional officer in violation of G. L. c. 127, § 38B, the Commonwealth must prove that the victim was an officer, guard, or other employee of the institution where the prisoner was incarcerated at the time of the offense. [558-559]

Where a prisoner had been convicted of assault and battery on a correctional officer in violation of G. L. c. 127, § 38B, on evidence that the prisoner had assaulted an employee of the Department of Correction who had transported the prisoner to a courthouse, without any showing that the victim was an employee of the institution where the prisoner was incarcerated, it was held that the prisoner was to be resentenced on the lesser included offense of assault and battery. [559]

Where it was apparent that the judge at the trial of a criminal case had exercised his discretion in denying the defendant's motion to exclude all of the defendant's prior convictions, the denial was not a basis for appeal. [559-560]

The judge at the trial of an indictment charging assault and battery on a correctional officer did not err in his treatment of certain remarks made by the victim while testifying. [560]

Although excerpts from the closing argument by the prosecutor in a criminal case which were quoted in the defendant's brief on appeal created the impression that the argument was improper, this court concluded, after reading the full transcript, that the argument was reasoned and fair. [560-561]

INDICTMENT found and returned in the Superior Court Department on November 8, 1982.

The case was tried before *John L. Murphy, Jr.,* J.

*Susan G. Kauffman* for the defendant.

*Joseph P. Musacchio*, Assistant District Attorney (*Margot Botsford*, Assistant District Attorney, with him) for the Commonwealth.

SMITH, J. A jury convicted the defendant of assault and battery on a correctional officer (G. L. c. 127, § 38B). On appeal the defendant argues (1) that his motion for a required finding of not guilty should have been granted; (2) that the judge's instructions wrongfully removed from the jury's consideration certain essential elements of the crime; (3) that the prosecutor committed improprieties in his closing argument; and (4) that certain rulings of the judge allowed prejudicial evidence to be admitted. We vacate the conviction and remand the case for resentencing of the defendant on the lesser included offense of assault and battery because the defendant was tried and convicted under the wrong statute.

The jury could have found the following facts from the evidence most favorable to the Commonwealth. *Commonwealth* v. *Clary*, 388 Mass. 583, 588 (1983). At the time of the incident referred to in the indictment, the defendant was serving a sentence at the Massachusetts Correctional Institution, Walpole (M.C.I., Walpole). John Flanagan, a sergeant in the Department of Correction, was assaulted by the defendant. Flanagan's office was at the Massachusetts Correctional Institution, Norfolk (M.C.I., Norfolk), and his job was to transport prisoners from the various correctional institutions to courthouses when the prisoners were scheduled to appear in court. On September 14, 1982, he was assigned to transport the defendant from M.C.I., Walpole, to the Middlesex County courthouse. After he arrived at M.C.I., Walpole, to pick the defendant up, he "strip-searched" him in accordance with standard procedure. The defendant was then handcuffed and transported to the "B-2 level" of the Middlesex County courthouse. That location is used as a holding area for prisoners awaiting court appearances. After his appearance in court the defendant was returned to the holding area. The sergeant then began to prepare the defendant and other inmates for their return trip to M.C.I., Walpole. As part of this preparation, and in accordance with routine procedure, the defendant was "pat-searched."

During the search the sergeant felt an object in the defendant's left rear pocket. When the sergeant attempted to remove the article, the defendant quickly spun around, pushed the sergeant, and then punched him in the face. The defendant was quickly subdued and a pen was taken from his rear pocket.

In arguing that the judge erred in denying his motion for a required finding of not guilty, the defendant contends, among other things, that the Commonwealth is required by G. L. c. 127, § 38B, to show that the victim of an assault by a prisoner is an officer, guard, or other employee of the institution where the prisoner is incarcerated. Here, the undisputed evidence is that the victim was a sergeant in the Department of Correction attached to the transportation division with an office at M.C.I., Norfolk. There was no evidence presented by the Commonwealth to show that he was an officer or a guard at M.C.I., Walpole, or otherwise employed by that institution.

General Laws c. 127, § 38B, as appearing in St. 1966, c. 279, provides in pertinent part: "A prisoner *in* any jail or house of correction, or *in* any correctional institution of the commonwealth who commits an assault or an assault and battery upon an officer, guard or other employee *of such* jail, house of correction or institution shall be punished . . ." (emphasis supplied). There is nothing ambiguous about the statute, and we must construe it as it is written. *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983). We interpret the words "of such," as used in the statute, to require that a victim of an assault by a prisoner be an officer, a guard or other employee of the institution where the prisoner is incarcerated. If we held otherwise, then those words would have no place or purpose whatever in the statute, and we would offend against "the established principle of statutory construction that every word in a statute should be given meaning." *In the Matter of Yankee Milk, Inc.*, 372 Mass. 353, 358 (1977). Therefore, we hold that the defendant cannot be prosecuted, in these circumstances, under G. L. c. 127, § 38B. Rather, the defendant should have been the subject of a prosecution brought under G. L. c. 265, § 13D, which makes it a crime for a person to commit an assault and battery upon a correctional officer engaged in the

performance of his duty, or under G. L. c. 265, § 13A, which makes it a crime for a person to commit an assault and battery on another.

The Commonwealth, in its brief, argues that if we hold that the denial of the defendant's motion for a required finding of not guilty was error, the proper remedy is to order the defendant remanded for resentencing on the lesser included offense of assault and battery.[1] The crime of assault and battery was substantially charged, as it is a lesser included offense of the crime set out in the indictment. At trial, the defendant did not contest the allegation that he struck Flanagan, but relied, instead, on the defense of justification. The judge gave full and complete instructions to the jury on assault and battery and the justification defense.[2] Thus, the lesser offense was fully considered in the trial court. In view of these circumstances, we think it most appropriate that the defendant be sentenced on the offense of assault and battery. *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 384 (1983).

We have considered the other contentions of the defendant and find that they are without merit. The defendant had filed a motion in limine to exclude the defendant's numerous prior criminal convictions. After a hearing on the motion, the judge

---

[1] The Commonwealth states that, in the alternative, the defendant could be sentenced on the lesser included offense of assault and battery upon a correctional officer engaged in the performance of his duty (G. L. c. 265, § 13D). Assuming without deciding that the crime set out in G. L. c. 265, § 13D, is a lesser included offense of assault and battery on a correctional officer by a prisoner, we cannot order the defendant to be resentenced as to that crime. The judge took away from the jury the question whether Flanagan was a correctional officer (see note 2, *infra*). Unlike assault and battery, the jury never considered the other lesser included offense.

[2] The crime of assault and battery was the only crime on which the jury was instructed. During the course of his instructions to the jury, the judge stated that he ruled, as matter of law, that Flanagan was a correctional officer covered by the statute (G. L. c. 127, § 38B) and that the assault took place in a correctional institution. The defendant objected to the instruction, claiming that these matters were disputed. Although it is not germane to our holding, we agree with the defendant that the matters were disputed, and, where an issue of fact is disputed, it is the jury's function as fact finder to resolve the matter. *Commonwealth* v. *McDuffee*, 379 Mass. 353, 363-364 (1979).

allowed certain convictions to be introduced against the defendant when he testified and excluded other convictions that involved the crime of assault and battery. The judge obviously exercised his discretion, and his refusal to exclude all the defendant's prior criminal convictions "is not a basis for appeal." *Commonwealth* v. *Knight*, 392 Mass. 192, 194 (1984), quoting from *Commonwealth* v. *Diaz*, 383 Mass. 73, 80 (1981).

During the course of his testimony, Flanagan made an unfortunate remark that on the day that he was assaulted by the defendant he was bringing the defendant to court to answer the charge of "assault on a correctional officer." The judge struck the testimony and gave an instruction to the jury in strong language that they should disregard the remark. There was no error. Later, the same witness testified that he had seen the defendant "in the segregated unit, in cell block 10 in Walpole." The defendant objected to the reference. There was no error. The defendant agreed that he was an inmate, and it is pure speculation that the jury knew of the status or type of prisoner confined in cell block 10.

The final issue raised by the defendant involves a challenge to the prosecutor's closing argument. The defendant's brief on that issue has caused us considerable concern. The brief asserts that the prosecutor's argument was so prejudicial that it deprived the defendant of a fair trial. In an attempt to prove the point, appellate counsel extracted from the prosecutor's closing argument, which had covered some six pages in the transcript, ten excerpts and placed them in the defendant's brief. Upon reading the excerpts, and without reading the full text of the closing arguments of both counsel, any appellate judge would likely conclude that the prosecutor had egregiously violated rules and guidelines established by case law for the proper conduct of closing arguments. But after reading the full transcript a different impression emerges — the argument was reasoned and fair. The prosecutor's argument must have impressed the defendant's trial counsel the same way because he made no objection to it at the time it was presented to the jury.

Our initial erroneous impression of serious fault with the prosecutor's argument can be traced to the excerpts that were

taken out of context and placed in the defendant's brief by appellate counsel.[3] We recognize that it is often necessary for counsel to make difficult choices about quoting from transcripts. But counsel has a duty to present to an appellate court a complete and fair picture, within the bounds of vigorous advocacy, of what occurred at trial. We remind counsel in all cases to keep in mind that fairness to one's adversary does not end with the entry of judgment in the trial court but continues during the appellate process.

The judgment is vacated. The matter is remanded to the Superior Court where a finding of not guilty is to be entered on so much of the indictment as charges the defendant with being a prisoner in a correctional institution of the Commonwealth who did assault and beat an officer, guard, or employee of such institution. The defendant is to be resentenced on that indictment as upon a verdict of guilty of assault and battery.

*So ordered.*

---

[3] For example, as noted in the text of the opinion, the prosecutor was permitted to introduce in evidence two convictions for assault and battery by means of a dangerous weapon, two convictions for armed robbery, one conviction for unarmed robbery, one conviction for putting in fear for the purpose of stealing and one conviction for breaking and entering.

One of the excerpts that appellate counsel placed in the defendant's brief is as follows:

> "Are you going to believe the man here . . . his version of a story. A man who's assaulted people with a handgun, robbed people, assaulted people with a rock? He's an inmate at Walpole."

A reading of the transcript shows that the complete statement of the prosecutor on the subject is as follows:

> "*Lend your credibility to those gentlemen. And as His Honor, yesterday, told you, when you examine credibility, examine who's got a stake in this case, and who's telling the truth. And when you examine who's telling the truth, do you want to listen to the two guards — Jack Flanagan and Paul Dever? Or, do you want to listen to Albert Ford, Jr.?*
> "*You heard me read off those convictions yesterday. Those go to credibility.* Are you going to believe the man here — his version of a story? A man who's assaulted people with a handgun, robbed people, assaulted them with a rock? He's an inmate at Walpole."

The italicized portions of the prosecutor's closing argument were omitted from the defendant's brief. The omission, we believe, is unfair.