COMMONWEALTH *vs.* RONALD MOORE. No. 89-P-1254. May 8, 1990.
*Asssault and Battery on Correctional Officer. Statute,* Construction.

On July 3, 1987, the defendant, while awaiting trial, became involved in a melee at the Hampden County house of correction. As a result, the

grand jury returned three indictments, each charging the defendant with assault and battery upon a correctional officer in violation of G. L. c. 127, § 38B.[1] During his jury trial, the defendant filed a motion for a required finding of not guilty. He claimed that G. L. c. 127, § 38B, was inapplicable to persons in custody awaiting trial, but applied only to those prisoners serving a sentence. The defendant claimed that he should have been prosecuted under G. L. c. 265, § 13D, which proscribes any person, not just a prisoner, from committing an assault and battery upon certain public servants, including correctional officers. The judge denied the motion and the jury convicted the defendant on one indictment and acquitted him on the other two indictments.

The defendant claims that G. L. c. 127, § 38B, has no application to persons in custody awaiting trial because of the concluding words of the statute which read that upon conviction "[s]uch sentence shall begin from and after all sentences currently outstanding and unserved at the time of said assault . . . ." He argues that this wording restricts application of the statute solely to those already serving a sentence at the time of the offense. In particular, the defendant points to the statute's command that such person, if convicted, be given a "from and after" sentence.

General Laws c. 127, § 38B, clearly extends to persons in custody awaiting trial as well as those serving a sentence. The Legislature defined "prisoner" in G. L. c. 125, § 1(m), as appearing in St. 1972, c. 777, § 8, as "a committed offender and such other person as is placed in custody in a correctional facility in accordance with law."[2] Here, the defendant agrees that he was "placed in custody in a correctional facility in accordance with law." There is nothing in G. L. c. 127, § 38B, that narrows the statutory

---

[1]General Laws c. 127, § 38B, as appearing in St. 1966, c. 279, provides:

"A prisoner in any jail or house of correction, or in any correctional institution of the commonwealth who commits an assault or an assault and battery upon an officer, guard or other employee of such jail, house of correction or institution shall be punished by imprisonment in the state prison for not more than five years. Such sentence shall begin from and after all sentences currently outstanding and unserved at the time of said assault or assault and battery."

[2]Also see Black's Law Dictionary 1075 (5th ed. 1979), which defines "prisoner" as "[o]ne who is deprived of his liberty. One who is against his will kept in confinement or custody. . . ."

In *Commonwealth* v. *Faulkner*, 8 Mass. App. Ct. 936, 937 (1979), we refused to distinguish for purposes of G. L. c. 268, § 16 (the escape statute), between persons who had been convicted and sentenced to a correctional facility and individuals awaiting trial who were placed in custody awaiting trial.

definition found in G. L. c. 125, § 1(*m*), to persons in custody serving a sentence. As we read the last sentence of G. L. c. 127, § 38B, it sets out the mandatory penalty upon conviction. It does not distinguish between persons in custody awaiting trial and those individuals serving a sentence. Both types of prisoners, if convicted of a violation of G. L. c. 127, § 38B, would receive a sentence which must "begin from and after all sentences currently outstanding and unserved at the time of said assault or assault and battery." If a person in custody is awaiting trial when he commits an offense under G. L. c. 127, § 38B, any sentence he receives would not be consecutive, unless he happens to have a sentence or sentences "currently outstanding and unserved at the time of said assault or assault and battery."

There was no error by the judge in denying the defendant's motion for a required finding of not guilty.

*Judgment affirmed.*

*Carlo A. Obligato,* Committee for Public Counsel Services, for the defendant.

*Elizabeth Dunphy Farris,* Assistant District Attorney, for the Commonwealth.

