COMMONWEALTH *vs.* RALPH E. GEARY. No. 91-P-100. October 4, 1991. *Assault and Battery on Correctional Officer. Words*, "Correctional institution," "Prisoner."

The defendant contends on appeal from the denial of his motion for a new trial that an assault and battery on a guard by a person committed to the treatment center for sexually dangerous persons at Bridgewater (treatment center) is not subject to G. L. c. 127, § 38B, as appearing in St. 1966, c. 279. That section, as relevant, provides as follows:

"A prisoner in any . . . correctional institution of the commonwealth who commits an assault or an assault and battery upon an officer, guard or other employee of such . . . institution shall be punished by imprisonment in the state prison for not more than five years. Such sentence shall begin from and after all sentences currently outstanding and unserved at the time of said assault or assault and battery."

The defendant was convicted of second degree murder in 1974 and sentenced to life imprisonment at M.C.I., Cedar Junction. In 1978, he was determined to be a sexually dangerous person and was committed to the treatment center for one day to life under G. L. c. 123A, § 6, as amended through St. 1978, c. 478, § 72. In 1980, after pleading guilty in the Superior Court to an indictment containing three counts of assault and battery on treatment center correction officers, brought under G. L. c. 127, § 38B, he received a from and after sentence. In a motion for a new trial filed in 1990, the defendant sought to have his guilty plea vacated. He claimed that, as he was committed to the treatment center at the time of the offense, he was a "patient" and not a "prisoner," and he was in a mental health facility and not a "correctional institution"; thus, he could not be convicted under the enhanced penalty statute. The motion was denied without a hearing.

We need not decide whether the issue the defendant sought to raise was properly raised by his motion for a new trial because we think it clear that the enhanced penalty statute applied. We base that determination on our construction of the language of the statute, compare *Commonwealth* v. *Ford*, 18 Mass. App. Ct. 556, 558 (1984), and one of its obvious purposes: to deter such assaults by persons who, because they are already serving sentences, would not be deterred by additional concurrent sentences.

In accordance with G. L. c. 123A, § 2, as appearing in St. 1959, c. 615, the treatment center is a facility of the Department of Mental Health, but it is "at a correctional institution." Moreover, under § 2, the Commissioner of Correction is responsible for appointing custodial personnel and keeping them under his administrative, operational, and disciplinary control. Under G. L. c. 123A, § 6, as it appeared in 1978 when the defendant was committed, such a commitment was for "the purpose of treatment and rehabilitation." But the person commmitted was "[to] be held in custody under sufficient security to protect society . . . ." The correctional aspects of the treatment center are, in our view, sufficiently significant to put a reasonable person in the defendant's position on notice that it is a "correctional institution" for purposes of the enchanced penalty statute.

We also conclude that the defendant was a "prisoner" while committed to the treatment center. His life sentence to M.C.I., Cedar Junction, remained in effect and, had he been found at some point to be no longer a sexually dangerous person, he would have been returned to Cedar Junction to continue serving the underlying sentence. See *Andrews, petitioner*, 368 Mass. 468, 485-486 (1975). He may at the same time have been a "patient," but he fell within the definition of "prisoner" set forth in G. L. c. 125, § 1(*m*), as appearing in St. 1972, c. 777, § 8: "a committed offender and such other person as is placed in custody in a correctional facil-

ity in accordance with law." Compare *Commonwealth* v. *Moore*, 28 Mass. App. Ct. 979, 980-981 (1990).

> *Order denying motion for new trial affirmed.*

*Bruce W. Carroll* for the defendant.

*Paul C. Dawley*, Assistant District Attorney, for the Commonwealth.