Merrick, J.
This is an action pursuant to G.L.c. 84 to recover for injuries sustained by the plaintiff in a fall on a sidewalk in the City of Medford.
The trial court entered judgment for the plaintiff in the amount of $5,000.00. The defendant, City of Medford (“the City”), has appealed both the trial judge’s disposition of two requests for rulings by the City and the judge’s findings of fact that the sidewalk defect was the “sole cause” of the plaintiff’s accident and had existed for a sufficient period of time prior to such accident for the City, in the exercise of reasonable care, to have discovered and remedied it.
The reported evidence, which includes photographs of the area, indicates that the plaintiff was walking home from a convenience store along the City’s sidewalk at 10:00 AM. on a clear day. The sidewalk was composed of concrete slabs which were smooth except for one slab which was badly broken and uneven from the curb to the opposite edge. This defective slab was well known to the plaintiff, and she could plainly see it as she approached on the day in question.
As the plaintiff stepped on to the defective slab, she noticed some dog feces and turned to avoid stepping into it. Her foot landed on another part of the defective slab and she fell.
1. The City’s initial contention on this appeal is that the evidence adduced at trial did not warrant the trial court’s specific findings of fact that the plaintiff was in the exercise of due care and that the defective slab was the sole cause of her accident, and that the sidewalk defect had existed for sufficient period of time for the defendant to have discovered and corrected it.
First, the City failed to file Dist./Mun. Cts. R. Civ. R, Rule 64(b) requests for rulings of law to that effect. It is established that the legal sufficiency of the evidence to warrant or permit certain findings of fact will not be reviewed in the absence of proper requests for rulings of law specifically testing the sufficiency of the evidence. Massachusetts General Hospital v. Quincy, 348 Mass. 791 (1965); Bandera v. Donohue, 326 Mass. 563, 564 (1950). Such issue may not be raised for the first time on appeal. Maccarone v. Phillips, 1986 Mass. App. Div. 17, 19. See generally, Commissioner of Correc. v. McCabe, 410 Mass. 847, 850 n.7 (1991); Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 120 n.4 (1990).
Second, the cases relied upon by the City for the proposition that the evidence was insufficient to support the court’s factual findings are easily distinguished from the present case. The City cites, for example, Cox v. City of Boston, 254 Mass. 498 (1926), in support of its contention that the plaintiff was not exercising due care and thus that the sidewalk defect was not the sole cause of her accident. The defect in Cox, however, was a hole only six or seven inches wide which the Court determined could have been easily stepped around or avoided on a sidewalk which was five or six feet wide. Id. at 499. The defect in the instant case occupied the *70 entire width and much of the length of the sidewalk slab. Moreover, the Court in Cox noted that there were no “diverting circumstances of any kind”, Id. at 499, comparable to the dog feces in the present case. Compare Barton v. Boston, 301 Mass. 492 (1938).
Similarly, the City mistakenly relies on Vellante v. Watertown, 300 Mass. 207 (1938), in which a “slight imperfection” in a municipal sidewalk was held not to constitute an actionable defect. The photographs of the sidewalk in the instant case, however, reveal much more than a “slight imperfection” and amply warranted the trial judge’s characterization of the sidewalk slab as a “crumbling, uneven way,” marred by broken asphalt, cracks, an accumulation of trash and debris and a significant difference in height between the defective slab and the adjoining sidewalk section. Such description, together with the photographic exhibits, formed the basis of the court’s proper, additional findings of fact as to the duration of the defect and the City’s negligence in failing to remedy it. The City’s contention that the trial judge’s finding as to the size of the defect was erroneous simply because it was contradicted by a City Engineer’s diagram overlooks the elementary principles that the trial judge is the arbiter of the weight and credibility of the evidence, New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977), and is not bound to accept expert testimony or even uncontroverted evidence. Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979); Daniel v. Jardin, 320 Mass. 764 (1946).
In short, the reported evidence and reasonable inferences to be drawn therefrom were sufficient to support the factual findings which the City now challenges. The issue for appellate review is not whether we would have made the same findings on the same evidence. Poirier v. Plymouth, 374 Mass. 206, 213 (1978). The standard is instead that set forth in Dist./Mun. Cts. R. Civ. P., Rule 52(a); namely, that “[fjindings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” A finding is “clearly erroneous” only when “although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Freyermuth v. Lutfy, 376 Mass. 612, 615 (1978). We cannot say that the court’s findings herein were clearly erroneous.
2. The City advances the same unavailing arguments in support of its charge of error in the court’s denial of each of the following requests on the grounds that they were “ [inapplicable based on facts found”:
2. A traveller in a street must exercise at least ordinary care for his own safety. If he fails to do so and is injured as a result, he is ordinarily negligent and cannot recover. Vellante v. Watertown, 300 Mass. 207 (1938).
3. Perfection is not required even in sidewalks. The fact that an imperfection was capable of causing injury, and in fact did so, is not enough to show that it was an actionable defect. Vellante v. Watertown, 300 Mass. 207 (1938).
Given the correctness of the requested rulings as general propositions of law, a better formulation for the trial judge’s rulings on requests 2 and 3 might have been: “Allowed, but see my findings of fact.” Gauvin v. Clark, 404 Mass. 450, 456-457 (1989). In any event, requests 2 and 3 were properly denied as predicated in part on legal propositions inconsistent with the court’s proper findings that the plaintiff exercised reasonable care and that the sidewalk defect in question was substantial and actionable. As previously discussed, the City waived any issue as to the sufficiency of the evidence to support such findings, and has further failed to demonstrate on this appeal that such findings were erroneous as a matter of law. *71 The trial judge made detailed findings of fact and extensive rulings of law, beyond those requested by the City, which render clear her application of correct legal principles to the facts in this case. See DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 101 (1975).
Report dismissed.