42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dennis J. QUINTAL, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 94-1607
 United States Court of Appeals,
First Circuit.
 Dec. 28, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington U.S. District Judge ]
 D.Mass.
 AFFIRMED.
 Dennis J. Quintal, Sr., on brief pro se.
 Donald K. Stern, United States Attorney, Charlene A. Stawicki, Assistant United States Attorney, and Thomas D. Ramsey, Assistant Regional Counsel, Region I Department of Health and Human Services.
 Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.
 Per Curiam.
 
 
 1
 Claimant is a convicted felon. He has been both sentenced to a 12 to 15 year prison term and civilly committed as a sexually dangerous person to the Massachusetts Treatment Center at M.C.I. Bridgewater for a period of one day to life. An ALJ found claimant to be disabled, but suspended benefits under 42 U.S.C. Sec. 402(x)(1) because of claimant's confinement. The Appeals Council upheld the ALJ's determination. Claimant then filed a complaint for judicial review in the district court, which the court dismissed under 28 U.S.C. Sec. 1915(d) as frivolous. While we question whether the complaint was correctly characterized as frivolous, claimant has since had an opportunity to present any additional arguments he may have in his appellate brief. We have considered all of claimant's arguments. They are all legally meritless, and we conclude that benefits were properly suspended. In these circumstances, no purpose would be served by a remand, and we affirm the district court's judgment, but for different reasons. Bristol Energy Corporation v. New Hampshire Public Utilities Commission, 13 F.3d 471, 478 (1st Cir. 1994) (court of appeals may affirm on any theory supported by the record).
 
 
 2
 * We start with the words of the relevant statute, 42 U.S.C. Sec. 402(x)(1)[1]:
 
 
 3
 (x) Limitation on payments to prisoners
 
 
 4
 (1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.
 
 
 5
 Claimant's arguments, as we understand them, are that (1) he is a patient in a medical facility-and not a prisoner in a "jail, prison, or other penal institution or correctional facility" within the meaning of Sec. 402(x)(1)-because the treatment center is under the jurisdiction of the department of mental health, not the department of corrections; (2) he qualifies for benefits under the "participating in a rehabilitation program" provision; and (3) he has been denied equal protection. We address each in turn.
 
 II
 
 6
 A. Confinement in a jail, prison, or other penal institution or correctional facility.
 
 
 7
 Claimant was convicted in 1986 of rape of a child and/or indecent assault and battery on a child. He was sentenced to 12 to 15 years' imprisonment. Claimant was also found to be a sexually dangerous person (SDP), as defined in Mass. G. L. ch. 123A, Sec. 1 (1985), and civilly committed to the treatment center for a period of one day to life, Mass. G. L. ch. 123A, Sec. 5 (1985)[2], where he will remain until he is no longer sexually dangerous, Mass. G. L. ch. 123A, Sec. 9 (1989). The "primary objective" of a civil commitment to the treatment center is "the care, treatment and rehabilitation of the sexually dangerous person." Commissioner of Correction v. McCabe, 410 Mass. 847, 852-53, 576 N.E. 2d 654, 657 (1991). While in the treatment center, claimant serves his criminal sentence. Mass. G. L. ch. 123A, Sec. 5, (1985). Discharge from the treatment center prior to the expiration of the 12 to 15 year criminal sentence will not terminate that sentence, id., and will result in claimant's transfer to a regular prison.
 
 
 8
 The treatment center is under the jurisdiction of the department of mental health, Mass. G.L. ch. 123A, Sec. 2 (1985), although the commissioner of correction appoints the custodial personnel for the treatment center. Id. Custodial personnel are "subject to the control of the commissioner of mental health with respect to the care, treatment and rehabilitation of persons in their custody," but are "under the administrative, operational and disciplinary control of the commissioner of correction." Id.
 
 
 9
 Claimant seems to contend, essentially, that he is a patient at a treatment center and not a prisoner in a jail and that consequently Sec. 402(x)(1) does not allow the suspension of his disability benefits so long as he remains at the treatment center. We uphold the Secretary's contrary conclusion.
 
 
 10
 Under Sec. 402(x)(1), benefits must be denied not only while a convicted felon is incarcerated in a jail or prison, but also while he is "confined" in any "other penal institution or correctional facility" pursuant to his felony conviction. In the circumstances of this case, we think it is fair to say that claimant is "confined" in a "correctional facility" during the period he serves his criminal sentence at the treatment center. Claimant is certainly "confined," for he is not free to depart. And his confinement is in an institution, which, under state law, is considered to be a "correctional" facility. See Mass. G. L. ch. 123A, Sec. 2 (1985) (treatment center must be located "at a correctional institution approved by the commissioner of correction"); Commonwealth v. Geary, 31 Mass. App. Ct. 930, 579 N.E.2d 172 (1991) (concluding that a defendant who had been both criminally convicted and civilly committed to the treatment center was a "prisoner in any ... correctional institution of the commonwealth" for purposes of a statute proscribing attacks by "prisoners" in any "correctional facility" upon guards and rejecting defendant's claim that he was no more than a patient in a mental health facility).
 
 
 11
 Treating claimant as a prisoner and the treatment center as a correctional facility is consistent with the legislative history, which reflected the view that convicted felons incarcerated at public expense did not need benefits:
 
 
 12
 The committee believes that the basic purposes of the social security program are not served by the unrestricted payment of benefits to individuals who are in prison.... The disability program exists to provide a continuing source of monthly income to those whose earnings are cut off because they have suffered a severe disability. The need for this continuing source of income is clearly absent in the case of an individual who is being maintained at public expense in prison. The basis for his lack of other income in such circumstances must be considered to be marginally related to his impairment at best.
 
 
 13
 Sen. Rep. No. 96-987, 96th Cong., 2d Sess. 8 (1980), reprinted in 1980 U.S.C.C.A.N. 4787, 4794-95. Claimant, who, but for his civil commitment to the treatment center would be in a regular prison, similarly is not dependent upon disability benefits for subsistence.
 
 
 14
 In sum, the Secretary's determination that claimant was subject to Sec. 402(x)(1) so long as he was serving his criminal sentence in the treatment center accords with the language of the statute and its legislative history and therefore must be upheld. Davel v. Sullivan, 902 F.2d 559 (7th Cir. 1990) (upholding suspension of disability benefits to convicted felon serving two concurrent commitments-one civil and one criminal-in a mental health institute operated by the state's department of health and social services).
 
 
 15
 B. Eligibility under rehabilitation provision.
 
 
 16
 Under Sec. 402(x)(1), an incarcerated felon may nevertheless receive disability benefits if he
 
 
 17
 is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.
 
 
 18
 Claimant contends he is engaging in various rehabilitation programs at the treatment center, which the state court approved for him when it decided to civilly commit him to the treatment center rather than have him serve his sentence in a regular prison. See Thibodeau v. Commonwealth, 366 Mass. 452, 454, 319 N.E.2d 712, 714 (1974), Mass. G.L. ch. 123A, Sec. 5 (1985) (sentencing judge has discretion whether to commit an SDP to the treatment center). The ALJ disagreed, noting that a treatment plan is not drawn up until sometime after commitment and therefore its details are not before the court or approved by the court at commitment. Consequently, claimant's program had not been "specifically approved for [claimant] by a court of law," the ALJ reasoned.
 
 
 19
 We need not decide whether claimant is participating in a rehabilitation program "specifically approved" for him by a "court of law" because the ALJ denied benefits for an independent, unassailable reason. The ALJ concluded that the program was not likely to result in claimant being able to engage in substantial gainful employment "within a reasonable time," as required by Sec. 402(x)(1):
 
 
 20
 At present, the claimant is no more than in the early stages of his rehabilitation program. His commitment to [the treatment center], if he fails to meet the standards for dropping his SDP status, could conceivably extend for the remainder of his natural life-possibly for another 40 years or more. Given the slow progress described by the [Restrictive Integration Review Board] in its periodic findings, it is highly unlikely that he will be released prior to the expiration of his sentence more than 7 years hence. Under any circumstance, it is unreasonable to conclude that "release and a regained ability for substantial gainful activity will be achieved within a reasonable time.
 
 
 21
 Claimant has not challenged the ALJ's summary of the evidence. Based on that summary as well as a review of the materials provided to us, we conclude that the ALJ's factual determination that claimant is in the early stages of rehabilitation and not likely to be able to engage in substantial gainful employment within a reasonable time is amply supported. Indeed, claimant has not articulated any argument to the contrary. Claimant was not entitled to payment of benefits under the participation in a rehabilitation program provision.
 
 C. Equal Protection
 
 22
 Claimant asserts that some people who have been both criminally convicted and civilly committed to the treatment center receive benefits while others do not. To deny claimant benefits, while others in the exact same situation receive them, violates the equal protection clause, he claims.
 
 
 23
 Neither in the district court nor in his appellate brief has claimant provided any clarifying details. He has not identified any inhabitant of the treatment center who receives social security benefits while concurrently serving his criminal sentence. It may be that some have received benefits after their criminal sentence has expired, but if that is the substance of claimant's complaint, there is no equal protection violation. Once a criminal sentence is served, the person is no longer "confined pursuant to his conviction," Sec. 402(x)(1) no longer applies, and the person is not similarly situated to claimant.
 
 
 24
 We have considered all of claimant's arguments. None warrant relief.
 
 
 25
 Affirmed.
 
 
 
 [1]
 Section 402(x) was recently amended. Pub. L. No. 387, Sec. 4, 108 Stat. 4071, (1994). Our references are to the version in effect prior to the 1994 amendment
 
 
 [2]
 Sections 3, 4, 5, 6, and 7 of ch. 123A have been repealed prospectively, Mass. Acts of 1990, ch. 150, Secs. 304, 104, but the repeal does not affect claimant in any way material to the present opinion