## COMMONWEALTH *vs.* PETER SMITH.

An indictment alleging that the defendant certain goods, in a certain building and in the possession of a certain person being found, did steal, sufficiently charges a stealing in the building.

A lodger in a dwelling-house went to bed, having placed his clothes on a chair; the defendant took from a pocket of the clothes the key of the lodger's trunk, opened the trunk, which was in the same room, and stole money therefrom. *Held,* that the defendant was guilty of larceny in a dwelling-house.

INDICTMENT alleging that the defendant, on April 14, 1872, at Braintree, certain bank notes "of the property, goods and moneys of James Gilbride, in a certain building there situate, to wit, the dwelling-house of one Patrick McGuire, and then and there in the possession of the said James Gilbride, being found, feloniously did steal, take and carry away."

At the trial in the Superior Court in Norfolk, before *Putnam,* J., the Commonwealth introduced evidence tending to show that the defendant and James Gilbride lodged together in the same room of McGuire's house; that Gilbride went to the room where the defendant was already in bed, put the money in his trunk, locked the trunk, put the key of it in his pocket, undressed, put his clothes on a chair, and went to bed; that the defendant got up in the night, took the key from the pocket, opened the trunk, took out the money, and returned the key to the pocket. Gilbride testified that he was awakened in the night, and saw Smith

with a lighted match at one of the trunks in the room, but **did** not know it was his own trunk, and thought nothing more of it, until he missed the money.

The defendant asked the judge to rule that upon this evidence the jury could not find the defendant guilty of larceny in a building, but only of simple larceny. The judge declined so to rule, and left it to the jury under instructions which authorized them to find the defendant guilty of larceny in a building. The jury returned a verdict of guilty.

The defendant then moved in arrest of judgment on the ground that the indictment did not aver that the larceny charged was committed in any building, but the judge overruled the motion.

The defendant alleged exceptions.

*W. E. Jewell,* for the defendant.

*W. G. Colburn,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

GRAY, J. The indictment duly charges larceny in a building. The allegation that the defendant stole property in the dwelling-house described necessarily includes a statement that the act of stealing was done in the building. And the whole charge was supported by the proof. In order to constitute larceny in a dwelling-house or other building, the property stolen must indeed be under the protection of the house, and not under the eye or personal care of some one who happens to be in the house. *The King* v. *Owen,* 2 Leach, (4th ed.) 572. *Commonwealth* v. *Hartnett,* 3 Gray, 450, 452. But money of a lodger in his trunk, as well as the key of the trunk in a pocket of his clothes, is clearly, while he is in bed, undressed and asleep, not under his own protection, but under the protection of the house. *Rex* v. *Taylor,* Russ. & Ry. 418. *Rex* v. *Hamilton,* 8 C. & P. 49. The defendant was therefore rightly convicted of larceny in a building.

*Exceptions overruled.*