COMMONWEALTH *vs.* ALEXANDER LESTER.

Suffolk. Jan. 30. — June 24, 1880. MORTON & SOULE, JJ., absent.

An indictment, under the Gen. Sts. *c.* 161, § 15, for larceny in a building, is not sustained by evidence that the owner of the property, which was part of a stock of goods in a shop, placed the property in the hands of the defendant for inspection, who ran off with it, while the owner momentarily turned his back upon him.

INDICTMENT on the Gen. Sts. *c.* 161, § 15, charging the defendant with the larceny of two watches, the property of Thomas S. Davis, in a building also the property of Davis. Trial in the

Superior Court, before *Bacon*, J., who allowed a bill of excep-
tions in substance as follows:

The government called as a witness Thomas S. Davis, who
testified, that on the day in question the defendant came into
his shop and asked to look at some watches; that he handed
him one open-faced watch, which the defendant looked at, and
then asked to see a hunting-case watch; that he took an empty
watch-case, and, transferring the works from a silver watch,
placed them in the hunting-case, and passed it also to the defend-
ant for his inspection; that he was not sure whether the defend-
ant held the watches in his hand or whether they were lying on
the show-case; that he turned partially around to place a screw
driver, which at the time he had in his hand, on a shelf behind
the counter, on the inner side of which he was standing at the
time, at which time his eye was removed from the watches
which he had placed before the defendant; that he turned al-
most immediately and saw the defendant running towards the
door, and saw that the watches were gone; that he instantly ran
after the defendant, who, when overtaken, had the watches in
his possession. He further testified, that he was in charge of the
property and the watches, which were on the side of the shop
occupied by him, when the prisoner came in; that he was on
the inner side of the counter, opposite the prisoner, who was
on the outside of said counter, and about five feet from the door
when the watches were shown to him and when he ran away
with them. He testified that he hired and occupied one half the
store, — the other side being hired and occupied by one Simonds,
who was in his (Simonds's) part of the store when the watches
were stolen, and whom he left in charge of his (said Davis's)
part of the shop, when he ran after the defendant. This was
the only evidence introduced tending to show the circumstances
under which the property was stolen, and no evidence was intro-
duced by the defendant to contradict or control it.

The defendant requested the judge to instruct the jury, as
matter of law, that this evidence was insufficient in law to war-
rant them in finding the defendant guilty of larceny in a build-
ing; that the facts, as testified to by Davis, constituted the
offence of simple larceny only, and not the offence of larceny in
a building; but the judge declined so to rule, and instructed the

jury that he should leave it to them to find, on the evidence, whether or not the offence was larceny in a building, or simple larceny; and ruled, as matter of law, that "if the property was stolen by being taken by the defendant, at a time when the owner's attention was for any cause diverted from it, so that it was not under his immediate control, then the larceny would be in the building;" and that, "if the owner's attention was in this case diverted from the immediate oversight of the property, and the defendant took advantage of such diversion to take the property, the offence of larceny in a building is proved."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

AMES, J. In an indictment founded upon the Gen. Sts. *c.* 161, § 15, for larceny in a building, it is not enough to prove that the property stolen was in a building at the time of the theft, and that the defendant was the thief. It is necessary to show also that the property was under the protection of the building, placed there for safe keeping, and not under the eye or personal care of some one in the building. The watches in this case were a part of the owner's stock in trade, usually kept by him in the building. But his testimony, which was the only evidence to the point, is to the effect that he was in charge of the property, when the defendant came in and asked to look at some watches, and that he handed the watches to the defendant; that he was not sure whether the defendant held the watches in his hand, or whether they were lying on the show-case; and that they were stolen while he turned partially round to place something upon the shelf behind him. If they were upon the show-case when stolen, it would be at least doubtful whether they must not, under the circumstances, be considered as rather in the possession of the owner than under the protection of the building. If by the act of the owner they were in the hands of the defendant, they certainly derived no protection from the building. As the evidence left it wholly uncertain whether they were on the show-case or in the defendant's own hands, it did not warrant a conviction of larceny in a building; and the jury should have been so instructed. *Rex* v. *Campbell*, 2 Leach (4th

ed.) 564. *Rex* v. *Castledine*, 2 East P. C. 645. *Rex* v. *Watson*, 2 East P. C. 680 ; *S. C.* 2 Leach, 640. *Rex* v. *Hamilton*, 8 Car. & P. 49, 50, note. *Commonwealth* v. *Smith*, 111 Mass. 429.

*Exceptions sustained*