# CHARLESTON.

J. W. MOSELY v. J. G. McCRORY COMPANY OF WEST VIRGINIA.

(No. 5620.)

Submitted April 20, 1926.   Decided April 27, 1926.

FALSE IMPRISONMENT—*Employer Must Answer for Unfounded Arrest Caused by Employee in Charge of Property Thought to be Stolen.*

When property in the care of an employee is thought to be stolen, it is within the scope of the implied authority of the employee to cause an arrest for the purpose of recovering such property. If the arrest be unfounded, the employer must answer for the act of his employee.

(False Imprisonment, 25 C. J. § 78.)
(NOTE: Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by J. W. Mosely against the J. G. McCrory Company of West Virginia. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*R. G. Kelly* and *Morton, Mohler & Peters,* for plaintiff in error.
*Brown, Jackson & Knight,* for defendant in error.

HATCHER, JUDGE:

This action was brought in the Court of Common Pleas of Kanawha County to recover damages for a wrongful arrest. The case was tried at the June term, 1925. At the close of plaintiff's evidence, on motion of defendant, a verdict was directed in its favor.

The following facts were developed by the evidence:

In December of 1923 Dan Prowse, a uniformed policeman of the City of Charleston was approached by A. O. Myers, who was at the time Assistant Manager of the defendant company. Myers asked Prowse if he could get a "plain clothes man". Prowse referred Myers to F. D. Hill. It was then stated by Myers to Hill, in the presence of Prowse, that Myers wanted Hill to arrest a woman, whose name Myers did not know, for shop-lifting. Myers and Hill then went away together.

On Dec. 18, 1923, the plaintiff and his wife made a small purchase in defendant's store. Shortly afterwards, while shopping in another store, both plaintiff and his wife were publicly arrested and searched by Hill, who was accompanied by Myers. No warrant was produced by Hill, but in reply to plaintiff's demand to know the cause of the arrest, Hill informed him that it was for shop-lifting at defendant's store. Hill found nothing incriminating on either plaintiff or plaintiff's wife. After the search Myers apologized for the arrest and offered to take plaintiff and his wife home in a taxicab. This offer was refused.

On the motion of defendant to direct a verdict, the plaintiff was entitled to all the inferences favorable to him that could be drawn fairly from the evidence. 6 Ency. Pl. and Pr., 456 692; *Nuzum* v. *Ry. Co.*, 30 W. Va. 228; *Soward* v. *Car Co.*, 66 W. Va. 266 (272). A manager has charge of his employer's property. 14A C. J. p. 94, par. 1862. It is certainly a fair inference that an assistant manager assists the manager in the performance of this duty. Consequently the evidence warrants the view that Myers was a custodian of defendant's property; and that he had Hill arrest plaintiff and his wife for the purpose of recovering goods which he thought "the lady" had shop-lifted. Under this view of the evidence Myers was acting within the scope or course of his employment, and the defendant is responsible for the arrest.

When plaintiff is given the benefit of inference, this case is similar to the leading case of *Staples* v. *Schmid*, 18 R. I. 224. There Schmid's salesman erroneously suspected Mrs. Staples of having stolen a package of spoons from the store of which he was in charge, and had her arrested and searched. Schmid was held liable for the act of his salesman. In its opinion, page 231, the court said: "The servant in this case was left with an assistant in charge of his master's store. His ordinary duties were undoubtedly to show goods and to sell them to customers. It was however equally his duty to protect his master's property from pilfering. The acts complained of were evidently done with that intention. The arrest was for the purpose of searching for and recovering the master's property not with the object of punishing crime against the public.—If the servant had seen the plaintiff take up and secrete the package of spoons in question and had allowed her to walk away with them unmolested, could anyone say that he had not been derelict in his duty to his master? If in the performance of this duty he mistook the occasion for it, or exceeded his powers, or employed an improper degree of compulsion, the mistake and the excess must be answered for by the master." Other cases in which the facts are similar, and which support the R. I. case are: *Knowles* v. *Bullene and Co.*, 71 Mo. App. 341 and *United Cigar Stores Co.* v. *Young*, 36 Dist. of Col. 390. In *Mali* v. *Lord*, 39 N. Y. 381, 100 Am.

Dec. 448, it was held that the superintendent of a store had no implied authority to arrest and search a person suspected of having stolen goods from the store, and that the owner of the store was not liable in damages for such arrest. But in the later case of *Dupre* v. *Childs,* 65 N. Y. S. 179, Childs was held responsible for an arrest caused by his manager, and the doctrine announced in the *Mali* case was repudiated. *Daniel* v. *Ry. Co.,* 136 N. C. 517, 1 A. & E. Ann. Cases, 718, also denies that an agent in charge of property has implied authority to cause the arrest of one suspected of having stolen the property. In *Jackson* v. *Telegraph Co.,* 139 N. C. 347, the court held that the Telegraph Company was responsible for the arrest of Jackson, caused by an employee of the Company in charge of construction work. While the court attempted to differentiate the two cases, its ruling in the Jackson case is virtually a departure from that in the Daniel case. The decision in the *Daniel* case is based on *Allen* v. *London Ry. Co.,* L. R. 6 Q. B. 65, and a line of decisions which follow the Allen case. In the present case defendant's counsel insist that, because there was no evidence showing that an arrest was in the line of Myers' duty or that express authority had been given him by defendant to cause the arrest, the doctrine pronounced in the Allen case, as follows, is applicable: ''There is no implied authority in a person having the custody of property to take such steps as he thinks fit to punish a person who, he supposes, has done something with reference to the property which he has not done. The act of punishing the offender is not anything done with reference to the property; it is done merely for the purpose of vindicating justice.'' We do not cavil with that statement of the law. But that principle does not apply here, because there is no evidence that plaintiff was arrested in order to punish him or to vindicate justice. We cannot infer that his arrest was made for such purpose, as that inference is unfavorable to plaintiff and therefore would violate the rule that plaintiff is now entitled to an interpretation of the evidence favorable to his cause of action. The inference favorable to plaintiff is that the arrest was made for the purpose of recovering supposedly stolen goods and therefore in line with Myers' duty to the defendant

company. That inference is supported by the fact that despite whatever information or knowledge Myers had which caused the arrest, the plaintiff and his wife were released when no stolen goods were found upon them. If the arrest had been caused merely to punish the plaintiff, Myers would probably have had him detained. The Allen case admits: "There is a marked distinction between an act done for the purpose of protecting the property by preventing a felony or recovering it back, and an act done for the purpose of punishing the offender for that which has already been done." In *Markley* v. *Snow*, 207 Pa. 447 (451-2), the distinction between an arrest caused to vindicate justice and one to recover property, is fully stated. "Undoubtedly a principal may be held liable for the act of his agent in instituting a malicious prosecution. But the act of the agent becomes that of the principal only when expressly authorized, or when his authority to act may fairly be inferred from the nature and scope of the employment. Generally the duty of superintendent does not carry with it the duty to arrest or prosecute. The inference of authority to do either does not arise from the mere fact of the agency. The authority may be implied when the arrest is made by the agent in the absence of the principal for the protection of property that is in danger, and in some cases it has been inferred when the arrest was to recover the property back, or where the crime was at the time being perpetrated. But where the act is done for the punishment of the supposed criminal, or for the vindication of the law, it is not the act of the principal and does not subject him to liability. This principle has been unanimously recognized in the decisions on the subject, and whatever lack of harmony there is in the cases has resulted from the difficulty of applying it to the particular facts." To same effect 25 C. J. 502, Sec. 78.

Holding it to be a fair inference from the evidence that the arrest of plaintiff was instigated by Myers to recover property of defendant, and that it was within the scope of Myers' duties to cause the arrest for this purpose, it follows that defendant must answer for the arrest.

We accordingly reverse the judgment of the lower court, set aside the verdict of the jury, and award the plaintiff a new trial.

As this case will probably be tried again, we deem it not inopportune to refer counsel to important principles of law on the question of punitive damages stated in *Cooper* v. *Ry. Co.*, recently decided by this court, and the cases cited therein.

*Reversed and remanded.*