# CHARLESTON.

FLEECY PRUITT *v.* IRA A. WATSON *et al.*

(No. 5907)

Submitted May 3, 1927.          Decided May 10, 1927.

1. MASTER AND SERVANT—*Master is Liable for Personal Injury Wrongfully Inflicted by Agent in Execution of Powers in Caring for Master's Property.*

   An agent entrusted with the possession and care of his master's property and responsible for its safe keeping, has the implied power to do anything reasonably necessary to that end; and the master is liable for personal injury wrongfully inflicted by his agent in the execution of his powers. (p. 631).

   (Master and Servant, 39 C. J. § 1476.)

2. FALSE IMPRISONMENT—*Principal is Not Liable for Agent's Wrongs Outside of Employment as for Assault or Arrest to Vindicate Law, Unless Present Directing.*

   But the master is not liable for any wrongs or injuries inflicted by his agent done outside of his employment, as for assault or arrest, and the purpose simply of vindicating the law, unless the master is present directing or approving the acts and conduct of the agent; the agent is himself personally liable to the injured person for wrongs or injuries inflicted outside the scope of his authority. (p. 631).

   (False Imprisonment, 25 C. J. §§ 73, 93 [Anno].)

3. MASTER AND SERVANT—*Agent is Not Within Scope of Agency if Act, if Done by Master, Would be Unlawful.*

   An agent can not be said to be acting within the scope of his agency if the act complained of if done by the master would be unlawful. (p. 631).

   (Master and Servant, 39 C. J. §§ 1472 [Anno], 1485 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

   Action by Fleecy Pruitt against Ira A. Watson and another, partners doing business as the Watson Bargain Store, begun in a court of a justice of the peace. From a judgment for plaintiff, defendants appealed to the circuit court, which rendered judgment for plaintiff, and defendants bring error.

   *Judgment reversed; demurrer to plaintiff's evidence sustained; judgment entered for defendants.*

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.

*Froe, Capehart & Miller* and *Fleming A. Jones, Jr.,* for defendants in error.

MILLER, JUDGE:

On demurrer by the defendants to the evidence, the jury returned a verdict of three hundred dollars damages, subject to the law of the case to be determined by the court. Having found the law to be for the plaintiff, the court pronounced the judgment in her favor against the defendants for three hundred dollars and costs, now complained of.

The suit was begun before a justice of the peace of McDowell County, and from the adverse judgment of the justice against them defendants appealed to the circuit court, with the result already indicated.

There were no pleadings except the summons in the justice's court, which ran against Ira A. Watson and F. F. Watson, partners doing business under the style and firm name of Watson Bargain Store, reciting as the cause of action damages for a wrong.

As developed by the evidence on both sides there seems to be no substantial conflict in the material facts proven, that the plaintiff while shopping in defendants' store, on Saturday night July 25, 1925, accompanied by her small child, a girl, was observed by three or four lady clerks, Rose Ferrell, Mollie Poe, and Susie Paisley, and perhaps others, to be acting strangely, as they thought; and by Mrs. Ferrell she was seen to fold up some little dresses in a small package and put them under her arm, and go towards the door; and as she was leaving Mrs. Ferrell went forward, caught her by the arm, brought her back and rescued the goods, and turned her over to Mr. Crockett, the store manager, reporting to him what had occurred. Plaintiff herself admits her presence in the store and her possession there of the goods, as related by the other witnesses, but says that she had picked them up with the intention of paying for them and had the money with her to do so, and had no intention of stealing them. The goods then recovered and turned over to the clerks were

all the goods found. No further search was made. Plaintiff willingly delivered up the goods and started for the door with the intention of leaving, but all the while was detained by the clerks and the store manager, Mr. Crockett, awaiting the police officer who had been sent for. She did succeed in escaping through the door however and out onto the sidewalk, but was pursued by Crockett, who held her by the arm and pushed her back into the store, where she was detained until the officer arrived and took her into custody and conveyed her before a justice of the peace, where a formal complaint was made, charging her with the theft of the goods, but with what result the evidence does not show. Her complaint was that she was handled roughly by Crockett; that he struck and pushed her in a rough manner, thrusting his knee in her back, and pushing her down on the walk and floor, from which she sustained many bruises, and was sick and sore and confined to her bed for a month or more, and that he also pushed and shoved her little girl in a similar way, frightening her and causing her thereby to become nervous. She complains not of any treatment received except that inflicted by Crockett; and there is no claim by her, nor is there any evidence or contention that Crockett or any other employee was pursuing her in an effort to recover other goods which she was supposed to have concealed about her person. All seem to agree that she had surrendered all the goods which she had been seen to lift from the counters or tables in the store; and all the witnesses examined on this subject, and the concurrent facts proven, go to show that the sole object of her detention was to hold her for prosecution and the vindication of the law. The witnesses say so. And the legal question, the only question, presented is, are the defendants liable for the acts of their agent thus inflicted? If they are, the judgment should be affirmed; if not, the judgment should be reversed, the demurrer to the evidence sustained, and judgment given that the plaintiff take nothing by her action, and that defendant recover their costs incurred here and in the courts below.

Agents entrusted with the possession of their master's property and responsible for its safe keeping, have the implied power to do anything reasonably necessary to that end, and for any wrong done by them in that behalf, the master is liable to the injured party; but that is as far as their authority or his liability goes, unless he be present and approve their wrongdoing. This doctrine is well settled, and was lastly affirmed and applied by this court in *Mosely* v. *J. G. McCrory Company*, 101 W. Va. 480. In the *McCrory case*, the employee of the defendant was in the act of pursuing the plaintiff and his wife into another store by the aid of an officer, believing that they had stolen defendant's goods, and for the purpose of recovering the stolen property. It turned out that the accusations were false, and that plaintiff had been wrongfully accused and arrested, wherefore the master was held liable to him for the wrongful acts of its servant.

But many decisions, some of which are cited and relied on by plaintiff in error, say in consonance with our own, that when an employee, to protect the property of his employer, makes an arrest or assault upon another, not in an effort to recover or protect his possession, he acts within the scope of his employment, and his principal is not liable for his unauthorized conduct; and he can not be said to be acting within the scope of his employment if the act if committed by his employer would have been unlawful. *Mosely* v. *McCrory, supra; Fairbanks* v. *Boston Storage Warehouse Co.*, (Mass.) 75 N. E. 737; *Johanson* v. *Pioneer Fuel Co.*, (Minn.) 75 N. W. 719; *Anderson & Co.* v. *Diaz*, (Ark.) 92 S. W. 861; *Brown* v. *Boston Ice Co.*, (Mass.) 59 N. E. 644; *Joseph Ducre* v. *Sparrow-Kroll Lumber Co.*, (Mich.) 133 N. W. 938; *Collette* v. *Rebori*, (Mo. App.) 82 S. W. 552.

The rule is somewhat different when the wrong inflicted by the servant relates to a carrier of passengers or to innkeeper and guest, and in cases like them, where the master owes some positive duty to protect the person of the injured party. *Rahmel* v. *Lehndorff*, (Cal.) 76 Pac. 659; *E. I. Du Pont De Nemours & Co.* v. *Snead's Admr.*, (Va.) 97 S. E. 812.

Our judgment is to reverse the judgment below, sustain

defendant's demurrer to the evidence, and order that the plaintiff take nothing by her suit.

These conclusions, of course, do not render the plaintiff remediless. She has her right of action against the wrong-doers, those who committed the wrongs against her person.

*Judgment reversed; demurrer to plaintiff's evidence sustained; judgment entered for defendant.*