JOHN J. McDERMOTT *vs*. W. T. GRANT COMPANY.

Suffolk.    April 5, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*False Imprisonment. Arrest. Agency*, Scope of authority or employment.

A verdict for the plaintiff was warranted in an action for false arrest
for a misdemeanor where there was evidence that by direction of the
manager of the defendant's store, acting within his authority, a police
officer without a warrant placed the plaintiff under arrest when he
was outside the store and had committed no offence in the presence of
the officer.

A finding, that the manager of a store was acting within the scope of his
employment in causing the arrest outside the store of one accused
by him of being implicated in thefts from the store, was warranted
by evidence that he had complete charge of the store and was re-
sponsible "for seeing that no merchandise went out that was not
purchased," for trying to recover such as did, and for the apprehen-
sion outside the store of anyone whom he saw take merchandise out
without paying for it.

TORT.    Writ in the Superior Court dated October 27,
1941.

The case was tried before *Higgins*, C.J.

*S. P. Sears*, for the defendant.

*T. H. Mahony*, for the plaintiff.

LUMMUS, J.    This is an action of tort, with one count for
false arrest and another for slander.    The plaintiff got a
verdict of $1 on the count for slander, and the defendant's
exceptions relating to that count are waived.    On the count
for false arrest the plaintiff got a verdict for $1,425, and the
case is here on the defendant's exception to the denial of its
motion for a directed verdict.

The following facts could have been found upon the evi-
dence.    On October 25, 1940, a woman clerk in the de-
fendant's store in Clinton observed two men acting sus-
piciously in the store, and at the same time she saw the
plaintiff across the street.    She called the facts to the atten-
tion of the store manager.    The manager followed the two

men down the street, but they disappeared in the crowd. The manager then went to lunch. On his return he saw a police officer, and told him that the plaintiff was standing across the street while the two men were in the store. The officer asked the plaintiff to accompany him to the place where the manager stood on the sidewalk outside the store. The officer asked the manager if the plaintiff was the man he wanted placed under arrest, and the manager said, "I want that man locked up. He's one of the three men who has been in my store and have stolen things." The officer then placed the plaintiff in a "cruising car" and told him he was under arrest and took him to the police station. The manager came to the police station and insisted that the plaintiff be kept under arrest. But the manager testified that he told the chief of police that he had never seen the plaintiff before, had not seen him in the store, and that he did not want to press any charges or have any charges to press against the plaintiff. After being at the police station for about two hours the plaintiff was released. The plaintiff testified that he had never been in the defendant's store, and the manager testified that "the plaintiff was never in the store as far as witness knew." The burden was upon the defendant to prove justification for any arrest for which it was responsible. *Roseman* v. *Korb*, 311 Mass. 75, 77.

The defendant does not contend that the plaintiff was guilty of any felony, or was suspected of any. *Commonwealth* v. *Phelps*, 209 Mass. 396, 404. Shoplifting in a store like that of the defendant would not be likely to involve the felony of stealing property exceeding $100 in value, and there is no suggestion that it would. G. L. (Ter. Ed.) c. 266, § 30. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 233. Neither would it constitute larceny in a building, under G. L. (Ter. Ed.) c. 266, § 20, for the property was under the protection of the defendant's servants rather than that of the building. *Commonwealth* v. *Hartnett*, 3 Gray, 450, 452. *Commonwealth* v. *Smith*, 111 Mass. 429, 430. *Commonwealth* v. *Lester*, 129 Mass. 101. *Commonwealth* v. *Nott*, 135 Mass. 269, 272. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 233. The crime involved, if any there was, was only a mis-

demeanor. G. L. (Ter. Ed.) c. 266, § 30. Without going into the refinements of the right of a private person or an officer to arrest without a warrant for a misdemeanor, it is enough to say that no such right exists where no offence is committed in the presence of the one who makes the arrest. *Commonwealth* v. *Gorman,* 288 Mass. 294, 297, and cases cited.

It could have been found that the defendant's manager actively instigated the arrest, and that he did not merely report the facts to the officer and leave the result to the officer's judgment. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 232. Compare *Burnham* v. *Collateral Loan Co.* 179 Mass. 268, 274; *Shea* v. *Sullivan,* 261 Mass. 255, 258, 259.

It could also have been found that the manager was acting within the scope of his employment for the defendant. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 47. He testified that he "was general manager of the defendant's store and all other persons in the store were under his supervision and that he had complete charge of the store, including the problem of employing and discharging help"; also that "he was responsible for seeing that no merchandise went out that was not purchased; that if any did get out he was responsible in making whatever effort he could to recover it; that his instructions with reference to what he was to do if anyone took goods out of the store without paying for them was to apprehend them outside of the store if he saw a person take them himself." In *Mason* v. *Jacot,* 235 Mass. 521, evidence not as strong as that in this case was held to warrant a finding that the defendant's manager was authorized to call a police officer to arrest the plaintiff for failing to pay for food eaten.

The defendant cites cases in North Carolina to the effect that the implied authority of a store manager ends as matter of law when the stolen goods have once been taken from the store. *Daniel* v. *Atlantic Coast Line Railroad,* 136 N. C. 517. *Lamm* v. *Charles Stores Co. Inc.* 201 N. C. 134. *Hammond* v. *Eckerd's of Asheville, Inc.* 220 N. C. 596. Cases in other jurisdictions appear to be to the contrary. *Staples* v. *Schmid,* 18 R. I. 224. *Mosely* v. *J. G. McCrory Co. of West*

*Virginia,* 101 W. Va. 480.   *Pruitt* v. *Watson,* 103 W. Va. 627.   *McCrory Stores Corp.* v. *Satchell,* 148 Md. 279.   We need not discuss these cases, for in the present case there was evidence that the authority of the manager included the attempted recovery of the goods and the apprehension of the suspected thief.

*Exceptions overruled.*

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

