COMMONWEALTH *vs.* ANIBAL VAQUILLA SOLLIVAN
(and a consolidated case[1]).

Nos. 95-P-1286 & 95-P-1295.

Hampden. December 28, 1995. - April 12, 1996.

Present: SMITH, IRELAND, & LENK, JJ.

*Larceny. Practice, Criminal,* Required finding, Lesser included offense. *Statute,* Construction. *Words,* "Building."

Discussion of the distinctions between the crimes of larceny, G. L. c. 266, § 30 (1); shoplifting, G. L. c. 266, § 30A; and larceny in a building, G. L. c. 266, § 20. [285-287]

The crimes of larceny in a building and shoplifting are distinct and not interchangeable [286-287], with the result that defendants charged, tried, convicted and sentenced under G. L. c. 266, § 20 (larceny in a building), for conduct that amounted to shoplifting (G. L. c. 266, § 30A) were entitled to a finding of not guilty on so much of the complaints as alleged "in a building" and to be resentenced on the lesser included offense of larceny [287-288].

COMPLAINTS received and sworn to in the Holyoke Division of the District Court Department on January 3, 1995, and February 21, 1995, respectively.

The cases were heard by *William B. McDonough,* J.

*Deborah D.A. Jeffrey* for the defendants.

*Joseph E. Lopez* (*Judy Zeprun Kalman,* Assistant District Attorney, with him) for the Commonwealth.

SMITH, J. These cases, which were consolidated for appellate review, present the same issue — whether the judge committed error in denying the defendants' motions for required findings of not guilty on complaints charging larceny in a building.

The facts in neither case are in dispute. The defendant Sollivan was arrested by Sears Department Store employees in

---

[1]Commonwealth *vs.* Tina L. Drayton.

Holyoke after he left the store with a portable stereo radio without paying for it. The defendant Drayton was arrested by Filene's Department Store employees in Holyoke after she took clothing without paying for the items.

Both defendants were charged with larceny in a building. G. L. c. 266, § 20. At their separate trials, they moved for required findings of not guilty of the charges of larceny in a building. They both conceded that the evidence may have been sufficient under G. L. c. 266, § 30(1) (the general larceny statute), or G. L. c. 266, § 30A (the shoplifting statute), but asserted that the larceny in a building statute did not apply to their conduct. Their arguments were rejected, and they were found guilty and sentenced. On appeal, both argue that G. L. c. 266, § 20, cannot be the basis for a conviction for their conduct.

Prior to 1981, conduct that amounted to shoplifting was prosecuted under G. L. c. 266, § 30(1).[2] *Commonwealth* v. *Hudson*, 404 Mass. 282, 283 n.3 (1989)("theft of merchandise offered for sale has historically been prosecuted under the larceny statute"). However, in 1981, the Legislature added G. L. c. 266, § 30A (inserted by St. 1981, c. 618, § 3), which created the crime of shoplifting.[3] Therefore, after the passage of § 30A, whenever a defendant's conduct amounted to shoplifting, the prosecution could charge a defendant under either G. L. c. 266, § 30(1), or G. L. c. 266, § 30A.[4] *Commonwealth* v. *Hudson, supra* at 285-289.

---

[2]General Laws c. 266, § 30(1), reads in relevant part:

"Whoever steals . . . the property of another as defined in this section . . . shall be guilty of larceny . . . ."

[3]General Laws c. 266, § 30A, provides in relevant part:

"Any person who intentionally takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use of benefit of such merchandise or converting the same to the use of such person without paying to the merchant the value thereof . . . shall be punished . . . ."

[4]In *Commonwealth* v. *Hudson, supra* at 286-287, the court noted that the relevant portions of G. L. c. 266, § 30, and G. L. c. 266, § 30A, "are complementary and not inconsistent. General Laws c. 266, § 30A, facilitates the apprehension and prosecution of shoplifters by providing law enforcement officials with alternative offenses and penalties. General Laws c. 266, § 30A, not only prohibits [taking of merchandise from a store], but also prohibits conduct which may be difficult to prosecute under the larceny

The Commonwealth claims that a defendant may also be prosecuted under G. L. c. 266, § 20, which establishes the crime of larceny in a building. That statute reads in pertinent part: "Whoever steals in a building, ship, vessel or railroad car shall be punished . . . ." General Laws c. 277, § 39, defines "stealing" as "[t]he criminal taking, obtaining or converting of personal property, with intent to defraud or deprive the owner permanently of the use of it . . . ." A "building" is defined in G. L. c. 143, § 1, as "a combination of any materials, whether portable or fixed, having a roof, to form a structure for the shelter of persons, animals or property." Therefore, according to the Commonwealth, the plain meaning of the terms in § 20 supports its argument that the defendants could be prosecuted under that statute.

For over 100 years, it has been held that in order to obtain a conviction for the crime of larceny in a building, "it is not enough [for the Commonwealth] to prove that the property stolen was in a building at the time of the theft, and that the defendant was the thief. It is necessary to show also that the property was under the protection of the building, placed there for safe keeping, and not under the eye or personal care of some one in the building." *Commonwealth* v. *Lester*, 129 Mass. 101, 103 (1880). See *Robinson* v. *Van Auken*, 190 Mass. 161, 163, 165, 167-168 (1906). See also *McDermott* v. *W. T. Grant Co.*, 313 Mass. 736, 737 (1943) (shoplifting in a store "would [not] . . . constitute larceny in a building under [G. L.] c. 266, § 20, for the property was under the protection of the [store's] servants rather than that of the building").

The Commonwealth contends, however, that the appellate courts have improperly placed a gloss on the offense of "stealing in a building" and that the additional court-imposed requirement of "under the protection of the building" is contradictory to the intent of the Legislature. We disagree with the Commonwealth's argument.

The Legislature is presumed to be aware of "the decisions of [the Supreme Judicial Court]." *Condon* v. *Haitsma*, 325 Mass. 371, 373 (1950). If it believed that the court's long standing interpretation of G. L. c. 266, § 20, was wrong, we would think that, some time ago, the Legislature simply

statute, including concealing merchandise, altering price tags, transferring merchandise to a different container, and recording a value for merchandise which is less than the actual retail value."

would have amended G. L. c. 266, § 20, in such a manner as to include the crime of shoplifting. Rather than doing so, the Legislature left larceny in a building as a separate crime when it assimilated the separate and distinct offenses of stealing, obtaining property by false pretenses, and embezzlement into a single offense called larceny. See *Commonwealth* v. *Kiernan*, 348 Mass. 29, 53 n.20 (1964), and *Commonwealth* v. *Kelly*, 24 Mass. App. Ct. 181, 183-184 (1987), for portions of the history of § 30(1). The Legislature's actions (and inaction) lead us to believe that the court's decisions are in line with the Legislature's intent in drafting G. L. c. 266, § 20, and that larceny in a building and shoplifting are not interchangeable crimes.

The Commonwealth contends that, if we disagree with its interpretation of the statute, the cases should be remanded for sentencing on the lesser included offense of larceny. See *Commonwealth* v. *Ford*, 18 Mass. App. Ct. 556, 559 (1984) (where defendant was tried and convicted under the wrong statute, proper remedy was to remand for resentencing on lesser included offense).

Larceny in a building is made up of the following elements: (1) the taking or carrying away of property (2) that belongs to another person (3) from a building (4) with the intent to deprive that person of the property permanently. Larceny consists of (1) the taking or carrying away of property (2) that belongs to another person (3) with the intent to deprive that person of the property permanently. See Instruction 5.41 (larceny) and Instruction 5.411 (stealing in a building) of the Model Jury Instructions for Use in the District Court (1995). Therefore, larceny in a building necessarily includes the elements of larceny plus the additional aggravating factor that the larceny occur within (or as case law puts it, under the watch of) a building. See *Commonwealth* v. *Perry*, 391 Mass. 808, 813 (1984) (a crime is a lesser included offense of another crime if each of its elements is also an element of the other crime). Since larceny is necessarily included in the offense of larceny in a building, it is properly considered a lesser included offense.

Because there is ample evidence to justify both defendants' convictions of larceny, the defendants should be resentenced on the lesser included offense of larceny.

The judgments are vacated, and the matters are remanded

to the District Court where a finding of not guilty is to be entered on so much of each complaint as charges larceny in a building and each defendant is to be resentenced on the complaint as upon a verdict of guilty of larceny.

*So ordered.*