COMMONWEALTH *vs.* THOMAS BARKLOW.

No. 00-P-416.

Hampden. June 7, 2001. - October 9, 2001.

Present: GREENBERG, COWIN, & McHUGH, JJ.

*Larceny. Practice, Criminal,* Instructions to jury, Lesser included offense.

At the trial of an indictment charging larceny in a building as defined in G. L. c. 266, § 20, the judge did not err in denying the defendant's motion for a required finding of not guilty, where, although proof that the building was vacant was not required, the evidence supported a finding that the building was vacant in any event. [766-767]

At the trial of an indictment charging larceny in a building, the judge did not err in refusing to instruct the jury that they had the option of convicting on the lesser included offense of larceny, where there was no evidence that the larceny occurred anywhere but in the building in question, or that there was anyone in the building at the time of the theft. [768-769]

INDICTMENT found and returned in the Superior Court Department on May 28, 1998.

The case was tried before *C. Brian McDonald*, J.

*Lisa Szulborski* (*Bethany C. Lowe*, Assistant District Attorney, with her) for the Commonwealth.

*Peter M. Dempsey*, for the defendant, submitted a brief.

COWIN, J. The defendant was convicted of larceny in a building (G. L. c. 266, § 20) on a joint venture theory.[1] He appeals with respect to two issues. First, he contends that the judge improperly denied his motion for a required finding of not guilty because conviction of the offense of larceny in a building requires proof that the building was vacant and the evidence in this case was insufficient regarding that element. Second, he as-

[1]The defendant had also been indicted for breaking and entering in the nighttime with intent to commit a felony (G. L. c. 266, § 16) and for larceny over $250 (G. L. c. 266, § 30). He was acquitted of the former charge. The latter charge was severed.

serts that it was error for the judge to refuse to instruct the jury that they had the option of convicting on the lesser included offense of larceny. We hold that the Commonwealth does not have to prove that the building was vacant in order to obtain a conviction pursuant to G. L. c. 266, § 20. We also rule that, because there was no evidence that the larceny occurred anywhere but in the building in question, or that there was anyone in the building at the time of the theft, an instruction on the lesser included offense of larceny was not warranted. Accordingly, we affirm.

Viewed in the light most favorable to the Commonwealth, the evidence supported the following. At approximately 10:00 P.M. on April 8, 1998, Evan James, the owner of VJ Variety Store at 341 Wilbraham Road, Springfield, closed the store for the night. James secured all of the doors to the store before leaving. At some time subsequent to 10:00 P.M., the defendant observed three or four males breaking into the variety store and agreed to act as lookout. The larceny apparently successful, the men left the store and, on the way out, rewarded the defendant by giving him a few dollars and some items which they had stolen during the venture.

James returned to the store at approximately 3:30 A.M.[2] Observing that a light was on and the back door was ajar, he alerted passing police officers who accompanied him into the store. Once inside, James saw that a number of items were missing from the store's inventory. He estimated the missing items to be worth more than $300. At least one of the items given to the defendant by the thieves, i.e., a pair of sunglasses, was among the items missing from the store.

1. *Larceny in a building.* The offense of larceny in a building is defined by G. L. c. 266, § 20, which provides in relevant part, "[w]hoever steals in a building, ship, vessel or railroad car shall be punished. . . ." To obtain a conviction, the Commonwealth must prove that the defendant (1) took or carried away property; (2) which belonged to another; (3) from a building; and (4) with the intent to deprive that person of the property permanently. *Commonwealth* v. *Sollivan*, 40 Mass. App. Ct.

---

[2]James testified that he returned at that hour to check on the store because break-ins had been occurring during the past month.

284, 287 (1996). However, with respect to the third element, it is not sufficient merely to show that the property was in a building at the time it was stolen. Rather, "[i]t is necessary to show also that the property was *under the protection of the building*, placed there for safe keeping, and not under the eye or personal care of someone in the building." *Id.* at 286 (emphasis supplied), quoting from *Commonwealth* v. *Lester*, 129 Mass. 101, 103 (1880).

The defendant gleans from the element that the property must be "under the protection of the building" the proposition that the building in question must also be vacant at the time of the theft. The Supreme Judicial Court has not so held, and we decline to do so. The crime of larceny in a building is distinguished from larceny from a person by the circumstances attendant upon the safeguarding of the property stolen. On many occasions, the property in question will have been placed in the control, or under the supervision, of one or more individuals. It will, at least for a certain period of time, be in the possession of those persons. At other times, personal property will not be left in the control of individuals, but rather will be placed within a secured structure with the expectation on the part of the owner that the structure itself will provide the desired protection against theft. While that structure will often be vacant, the absence of individuals therein is not a prerequisite once there is a showing that the property is "under the protection of the building" rather than under the protection of the person or persons who are present. Evidence that the building is vacant may be a factor in determining that the property is safeguarded by the building, but it is not a required element.

We note that, even were it required that the Commonwealth prove that the building was vacant at the time of the theft, such a finding was warranted on the evidence in this case. The jury were entitled to infer that, when James closed the store and secured the doors at 10:00 P.M. on the night in question, no person or persons were left inside the locked store. Accordingly, it was not error to deny the motion for a required finding of not guilty both because proof that the store was vacant is not required and because the evidence supported a finding that the store was vacant in any event.

2. *Lesser included offense.* At the close of the evidence, the defendant requested that the judge instruct the jury with respect to simple larceny as a lesser included offense. The judge declined to do so. The defendant did not object to the charge. He appeals nonetheless, citing *Commonwealth* v. *Biancardi,* 421 Mass. 251, 253-254 (1995). It is not necessary to decide whether the defendant adequately preserved his appellate rights, since we conclude that an instruction on larceny as a lesser included offense was not warranted.

The defendant is correct that larceny is a lesser included offense of larceny in a building. That is because each of the elements of larceny is also an element of larceny in a building (see *Commonwealth* v. *Perry,* 391 Mass. 808, 813 [1984]), with the offense of larceny in a building having one additional element, i.e., that the property stolen be "under the protection of the building." *Commonwealth* v. *Sollivan, supra* at 286-287. However, that does not end the analysis. If the evidence presents a rational basis for a finding of not guilty on the greater offense but guilty of the lesser offense, the judge must on request by either party instruct the jury on the possibility of conviction of the lesser crime. *Commonwealth* v. *Roberts,* 407 Mass. 731, 737 (1990); *Commonwealth* v. *Thayer,* 418 Mass. 130, 132 (1994); *Commonwealth* v. *Woodward,* 427 Mass. 659, 662-665 (1998); *Commonwealth* v. *Drewnowski,* 44 Mass. App. Ct. 687, 692 (1998). It follows, therefore, that an instruction regarding a lesser included offense not only is not required, but is also improper, where the elements differentiating the crime charged from the lesser included offense are not "sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense." *Commonwealth* v. *Souza,* 428 Mass. 478, 494 (1998), quoting from *Commonwealth* v. *Egerton,* 396 Mass. 499, 504 (1986).

Here, the only evidence presented was that items were stolen from the variety store. There was no suggestion that the larceny occurred outside of the building. Nor, contrary to the defendant's assertion, was there any evidence that any person or persons were present in the building at the time of the theft. We fail to see how the jury could have concluded that the building was occupied, or how they could have found that the hypothetical

occupants were the safeguarders or protectors of the property. There being no evidence on which the jury could have arrived at a middle ground between conviction of the charge of larceny in a building and acquittal, it was not error to refuse to give an instruction on the lesser included offense.[3]

*Judgment affirmed.*

---

[3]That the jury might have found that the items taken from the variety store had a value of less than $250 is irrelevant to the issue whether an instruction on the lesser included offense of larceny was required. The indictment for larceny over $250 had been severed. The value of the property stolen is not an element of the crime of larceny in a building. *Commonwealth* v. *Sollivan, supra* at 287.