NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-548

COMMONWEALTH

vs.

REECE E. COLLINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of larceny from a building.[1] On appeal, he claims there was insufficient evidence to support his conviction. We agree that the evidence was insufficient to support the offense of larceny from a building but further conclude that the evidence was sufficient to support the lesser included offense of larceny, and we remand for resentencing.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial

---

[1] The defendant was acquitted of assault and battery on a household or family member.

established guilt beyond a reasonable doubt." Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. To prove larceny from a building pursuant to G. L. c. 266, § 20, the Commonwealth was required to establish "(1) the taking or carrying away of property (2) that belongs to another person (3) from a building (4) with the intent to deprive that person of the property permanently." Commonwealth v. Sollivan, 40 Mass. App. Ct. 284, 287 (1996). The building must not be the defendant's residence. See Commonwealth v.

2

Hartnett, 3 Gray 450, 452 (1855). See also Commonwealth v. Green, 92 Mass. App. Ct. 325, 329 (2017).

Here, it is undisputed that the larceny occurred at the defendant's apartment. Accordingly, the defendant claims, and the Commonwealth concedes, that we should reverse so much of the jury's verdict that concluded that the defendant was guilty of the greater offense of larceny from a building. We agree. See Hartnett, 3 Gray at 452. See also Green, 92 Mass. App. Ct. at 329.

As to the lesser included offense of larceny, see Sollivan, 40 Mass. App. Ct. at 287, the defendant claims that there was insufficient evidence that the five hundred dollars was not his money or that he intended to permanently deprive some other owner of that money. We disagree.

In the light most favorable to the Commonwealth, the defendant's relationship with his wife was "[v]ery abusive." The two had been arguing for days, resulting in the defendant's wife asking him to leave their home.

The defendant's brother-in-law, who also lived in the apartment, had given the defendant's wife five hundred dollars in cash as his share of the rent, and she had hid the money for "safekeeping." However, after the defendant was told to leave, he packed some clothes and told his brother-in-law that he was taking the rent money. According to the defendant's wife, this

3

was her "brother's rent" money, and the defendant was aware of that fact.  As he left the apartment, the defendant "vicious[ly]" taunted his wife and said, "I have th[e] money, you're not getting it."  The defendant did not take the money to pay the rent; he was "stealing it."  Three days later, he returned the money to his brother-in-law.

From this evidence, the jury were entitled to credit the evidence that the money belonged not to the defendant, but to his brother-in-law.  This conclusion is further supported by the evidence that the defendant "st[ol]e" the money, told his wife that she was not getting it back, and viciously taunted her in the process.  Furthermore, from the defendant's act of returning the money to his brother-in-law, the jury were entitled to conclude that the defendant knew the money did not belong to him, but rather to his brother-in-law.  Accordingly, in the light most favorable to the Commonwealth, the money was the property of another, and the defendant intended to permanently deprive his brother-in-law of it.  To the extent there was conflicting evidence on whose money it was, it is of no moment. See Commonwealth v. Semedo, 456 Mass. 1, 8 (2010).

Finally, the fact that the defendant returned the money in no way absolves him of the larceny.  See Commonwealth v. O'Connell, 274 Mass. 315, 322 (1931) (defendant "is guilty of larceny even though he takes the money with the idea of using it

4

temporarily and later returning it"); <u>Commonwealth</u> v. <u>Ellison</u>, 5 Mass. App. Ct. 862, 862 (1977) ("larceny was complete if and when the money . . . came under the defendant's control, [and] no subsequent application of the money for the benefit of the [victim] would exonerate the defendant").  Indeed, the jury could have understood that the defendant's return of the money was both evidence that he knew the money was not his, and his consciousness of guilt for having stolen it.

The defendant's judgment of conviction on the complaint charging larceny from a building is reversed, and the verdict is set aside.  A new judgment of conviction shall enter on so much of the complaint as alleges the lesser included offense of larceny.  The matter is remanded to the District Court for resentencing.

<u>So ordered</u>.

By the Court (Blake, C.J., Meade & Englander, JJ.[2]),

Clerk

Entered:  April 3, 2025.

---

[2] The panelists are listed in order of seniority.

5