NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-259

COMMONWEALTH

vs.

MONICA R. KINTCHEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Boston Municipal Court, the defendant was convicted of larceny from a building.  See G. L. c. 266, § 20.  On appeal, she challenges the sufficiency of the evidence that she took the property -- approximately $4,000 in cash -- from the victim's apartment.[1]  We affirm.

Discussion.  To prove larceny from a building under G. L. c. 266, § 20, the Commonwealth was required to establish that the defendant "(1) . . . [took] or carr[ied] away . . . property (2) that belong[ed] to another person (3) from a building (4)

---

[1] The defendant moved for a required finding of not guilty at the close of the Commonwealth's evidence, and she renewed that motion at the close of all of the evidence.  The judge denied each of these motions.

with the intent to deprive that person of the property permanently." Commonwealth v. Sollivan, 40 Mass. App. Ct. 284, 287 (1996).  In assessing the sufficiency of the evidence supporting the defendant's conviction, we review the evidence in the light most favorable to the prosecution.  See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "Circumstantial evidence may be sufficient to prove guilt beyond a reasonable doubt . . . and the inferences drawn from such evidence 'need not be necessary and inescapable, only reasonable and possible.'"  Commonwealth v. Shiner, 101 Mass. App. Ct. 206, 212 (2022), quoting Commonwealth v. Braune, 481 Mass. 304, 306-307 (2019).  See Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999) ("an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt'").

Under this standard of review, the evidence at trial in this case established the defendant's guilt.  The judge could have found that, based on a friend's referral, the victim arranged to have the defendant clean the Boston studio apartment where the victim lived with her boyfriend.  In anticipation of the defendant's scheduled visit, the victim confirmed that the tips from her summer employment -- approximately $4,000 in cash -- were secreted between some books on a bookshelf.  The

2

defendant arrived while the apartment was unoccupied, as instructed by the victim. When the victim returned home, she noticed that the $4,000 in cash was missing. Other than the apartment's occupants, the defendant was the only person to have been in the apartment between the time the victim last saw the cash on the bookshelf and her discovery that the money was missing. The judge could have properly inferred from this evidence that the defendant took the missing money. See Shiner, 101 Mass. App. Ct. at 212.

When the victim contacted the defendant about the missing cash, the defendant delayed in responding. When she did respond, she told the victim -- contrary to an earlier representation that she worked alone -- that she had brought another person with her to assist her in cleaning the apartment. Although the victim asked the defendant for the helper's contact information, the defendant did not provide it. From this evidence, the judge could have concluded that the helper was a fiction, see Commonwealth v. MacCormack, 491 Mass. 848, 856 (2023) (defendant's false alibi contributes to quantum of evidence necessary to prove guilt beyond reasonable doubt), and that the defendant alone had the opportunity to take the cash hidden in the apartment.

Finally, after the victim bluffed the defendant by telling her that she had a video recording of the theft (despite there

being no such recording), the defendant told the victim that she would repay the missing money. Although the defendant did later leave a $1,500 check for the victim, that check bounced. The judge could have found that the defendant's gesture toward repayment of the missing money reflected her consciousness of guilt for having stolen the cash hidden in the apartment. See MacCormack, 491 Mass. at 856 ("Evidence of consciousness of guilt, while not conclusive, may be considered in conjunction with other evidence to establish guilt beyond a reasonable doubt").

In the light most favorable to the Commonwealth, see Latimore, 378 Mass. at 677, this evidence was sufficient to prove that the defendant took the missing $4,000 in cash from the victim's apartment. To the extent the defendant contends that (1) the judge failed to properly consider evidence that the defendant was accompanied by a helper on the day of the theft, and that that unidentified person was the culprit; (2) the Commonwealth failed to establish that the money was taken when the defendant was in the apartment; and (3) the defendant's effort toward repayment of some of the missing money reflected "an assumption of moral responsibility for her employee's theft and an attempt to protect her professional reputation," her

4

argument fails to acknowledge the judge's role as fact finder and our standard of review.

Judgment affirmed.

By the Court (Massing, Hand &
   Hershfang, JJ.[2]),

Clerk

Entered:  June 23, 2025.

---

[2] The panelists are listed in order of seniority.