COMMONWEALTH *vs.* NICOLE BADGETT
(and a companion case[1]).

No. 94-P-1246.

Suffolk. October 6, 1994. - June 7, 1995.

Present: BROWN, GILLERMAN, & LAURENCE, JJ.

*Grand Jury. Practice, Criminal*, Indictment, Dismissal, Grand jury pro-
ceedings. *Evidence*, Grand jury proceedings. *Arrest. Probable Cause.
Joint Enterprise.*

A Superior Court judge erred in dismissing murder indictments where suf-
ficient evidence was presented to the grand jury to establish the identity
of the two defendants and to establish probable cause for their arrest
for murder individually [625-626] and, in addition, on a theory of joint
venture [626].

INDICTMENTS found and returned in the Superior Court
Department on February 25, 1991.

Motions to dismiss were heard by *Roger J. Donahue*, J.

*Jane A. Sullivan*, Assistant District Attorney, for the
Commonwealth.

*Juliane Balliro* for Kysha Allen.

*Bruce R. Bono*, Committee for Public Counsel Services,
for Nicole Badgett.

BROWN, J. The victim, Yolanda Carter, was stabbed to
death as a result of a street fight that broke out among sev-
eral groups of young women. Following a grand jury investi-
gation into the death of Carter, indictments were handed up
for Kysha Allen and Nicole Badgett for murder in the first
degree. The defendants' motions to dismiss the indictments
were denied. The two cases were then set down for trial.

Again, the defendants filed motions to dismiss the indict-
ments against them. The Commonwealth opposed the mo-

---

[1]Commonwealth v. Kysha Allen.

tions. A Superior Court judge allowed the defendants' motions, making findings of facts and rulings of law. The Commonwealth has appealed.

The sole issue on appeal is whether the judge erred in granting the defendants' motions to dismiss the grand jury indictments against them.

The general rule is that "a court will not review the competency or sufficiency of the evidence before a grand jury." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984). A court may, however, consider whether the grand jury received sufficient evidence to establish "probable cause to arrest," *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), and whether the integrity of the proceedings was impaired.[2] See *Commonwealth* v. *O'Dell*, 392 Mass. at 446-447. The issuance of an indictment requires that the grand jury hear sufficient evidence to establish (1) the identity of the accused and (2) probable cause to arrest him or her. See *Commonwealth* v. *McCarthy*, 385 Mass. at 163; *Commonwealth* v. *O'Dell*, 392 Mass. at 450. Probable cause to arrest is defined as "more than mere suspicion but something less than evidence sufficient to warrant a conviction." *Commonwealth* v. *Roman*, 414 Mass. 642, 643 (1993).

1. *The first degree murder charges.* Applying the principles discussed above to the instant case, the grand jury indictments should not have been dismissed. The record reflects that both Allen and Badgett were involved in the melee.[3] Each of the defendants was observed holding a knife at vari-

---

[2]On appeal neither defendant has challenged the integrity of the grand jury proceedings; therefore, this appeal only addresses whether the grand jury heard sufficient evidence to establish probable cause to arrest.

[3]Nicole Badgett's attorney argued to the motion judge:

> "We agree that there was plenty of evidence before the Grand Jury and in front of this court that Kysha Allen at one point was engaged with Yolanda Carter; that Nicole Badgett was, at one point, engaged with Yolanda Carter; and that Abigail Guilliot, at least at one point, was engaged."

ous stages of the fight.[4] Badgett, with a bloody knife in hand, was standing near the victim when she fell to the ground, dying. In addition, the grand jury heard evidence that Allen said that she did not mean to kill Yolanda Carter.[5] We think that a review of the record provides sufficient evidence to establish (1) the identity of the accused women and (2) probable cause to arrest them.

2. *Joint venture theory.* For the reasons articulated above, and from other evidence in the record, the indictments are supportable on a joint venture theory. The defendants' argument, perhaps, would have greater force if we were examining the sufficiency of the evidence required to support a finding of guilty. Compare *Commonwealth* v. *O'Dell,* 392 Mass. at 451; see *Commonwealth* v. *A Juvenile,* 413 Mass. 148, 151 (1992). This, however, is not the issue before us.

The judge's orders dismissing the grand jury indictments are vacated and the indictments are reinstated.

*So ordered.*

---

[4]Badgett's attorney further argued with regard to the joint venture indictment that:

> "The best evidence that the Commonwealth has on that point is that before Nicole Badgett became involved in the fight with Yolanda Carter she physically had a knife."

Moreover, Guillard testified that she saw Allen with Badgett's knife after the stabbing.

[5]Allen pointed out in her memorandum of law in support of her motion to dismiss that there are many inconsistencies with the Commonwealth's key witness, Guillard. Guillard allegedly told conflicting stories to the grand jury regarding the stabbing. Guillard was later convicted of stabbing the victim, Yolanda Carter. In spite of the inconsistencies with the witness's testimony, the grand jury still found that there was probable cause to arrest the defendants. Since credibility is a question of fact to be resolved by a jury, this court can only assume that the grand jury believed one version of the witness's testimony over another conflicting version.